UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DINKINS, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:14-CV-1463-G |
| YP ADVERTISING LP (f/k/a AT&T | ) | |
| ADVERTISING SOLUTIONS), ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants YP Advertising LP (f/k/a

AT&T Advertising Solutions) and YP Texas Region Yellow Pages LLC (collectively,

"YP") to dismiss the plaintiffs' Fair Labor Standards Act ("FLSA") claims that YP's

practice of charging back unearned commissions is unlawful (docket entry 11).  For

the reasons set forth below, the motion is denied.

## I.  BACKGROUND

The plaintiffs worked as call center sales representative employees in YP's

Dallas Call Center operations.[1]  Original Complaint -- Class Action ("Complaint")

---

[1]      On April 22, 2014, three plaintiffs -- Christopher Dinkins, Annette
(continued...)

¶¶ 16, 87 (docket entry 1).  The plaintiffs contend that YP failed to pay them overtime wages due to YP's "practice and policy of instructing Plaintiffs to generally not report more than 40 hours worked per workweek regardless of the actual number of hours worked."  Plaintiffs' Brief in Support of Response in Opposition to Defendants' Motion to Dismiss ("Response") at 1 (docket entry 32).  YP paid the plaintiffs an hourly wage plus commission for making new sales and servicing existing clients.  Complaint ¶¶ 88, 89.  According to the plaintiffs, "[a]dditionally, a significant portion of the job duties of sales representatives requires work to collect on delinquent accounts/bad debt. . . . [, and] Defendants made pay deductions to supposedly recover previously paid/advanced commission-based compensation from sales representatives if Defendants unilaterally deemed a chargeback for bad debt appropriate."  *Id.* ¶ 90.  YP maintains that the manner in which it charged back advanced commissions is neither unlawful nor improper.  Defendants' Motion to Dismiss and Memorandum of Law in Support Thereof ("Motion") at 3 (docket entry 11).

## II. ANALYSIS

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted."  A motion under Rule 12(b)(6) should be

---

[1](...continued)
West, and Kevin Lewis -- filed this lawsuit on behalf of themselves and all others similarly situated.  Since that date, other plaintiffs have opted in to this action.  *See generally* Docket Sheet, 3:14-CV-1463-G.

granted only if it appears beyond doubt that the plaintiffs could prove no set of facts in support of their claims that would entitle them to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).  Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movants.  *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

YP moves to dismiss to dismiss the plaintiffs' FLSA claims for failure to state a claim because the FLSA permits YP's chargeback process.  Motion at 1.[2]  YP also moves to dismiss the claims for lack of subject matter jurisdiction because the plaintiffs have failed to exhaust contractual remedies.[3]  *Id.* at 1-2.  Specifically, YP contends that the plaintiffs' assert violations of the collective bargaining agreement ("CBA").  Thus, YP asserts, the chargeback claims are governed by Section 301 of the Labor Management Relations Act ("LMRA") and thereby subject to the LMRA's procedural requirement that a plaintiff must first exhaust the CBA's contractual

---

[2]    The plaintiffs contend that YP's motion seeks dismissal on the limited issue of whether certain compensation should be included in plaintiffs' regular rates of pay when calculating the overtime hourly wage rates in this lawsuit.  Response at 1.

[3]    Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies."  U.S. CONST., ART. III, § 2.

remedies.  *Id.* at 2.  Under the CBA, YP agreed to "advance commission payments to telesales representatives upon closing a sale, with the understanding that the commissions are deemed to be earned only when certain conditions are met (such as the customer paying its bill)."  Motion at 3; *see also* 2009 Labor Agreements: Communication Workers of America and AT&T Advertising Solutions at 119-20, *attached to* Complaint as Exhibit E.  However, the plaintiffs maintain that "no part of this lawsuit alleges that Defendants' CBA chargeback policy is unlawful or that it violates the FLSA [. . . nor does] this lawsuit . . . request that chargebacks made pursuant to the CBA be included in calculating Plaintiffs' regular rates of pay and corresponding overtime hourly rates of pay."  Response at 2.  The plaintiffs contend that their "overtime rate of pay claim is premised on Defendants' practice and policy of deducting pay from employee paychecks for events that were specifically not addressed by the CBA chargeback policy . . . .  [T]hose improper chargebacks should be included in the regular rate of pay when this Court determines the overtime hourly rate of pay and overtime wages due in this lawsuit."  *Id.*  The plaintiffs maintain that YP's Rule 12(b)(6) motion erroneously states the basis of the plaintiffs' overtime rate of pay claims, and that court has subject matter jurisdiction over its claims as pleaded. *See generally* Response.  Even assuming *arguendo* that YP correctly construed the plaintiffs' claims in its motion, the court concludes that YP has failed to show that the plaintiffs could prove no set of facts in support of their claims that would entitle

- 4 -

them to relief, see *Conley*, 355 U.S. at 45-46, or that this court lacks jurisdiction over the case.  Accordingly, YP's motion to dismiss is denied.

### III.  CONCLUSION

For the reasons stated above, YP's motion to dismiss is **DENIED**.

**SO ORDERED.**

March 27, 2015.

_____

**A. JOE FISH**
**Senior United States District Judge**