UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DINKINS, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:14-CV-1463-G |
| YP ADVERTISING & PUBLISHING | ) | |
| LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER APPROVING PRELIMINARILY SETTLEMENT

**WHEREAS**, plaintiffs Christopher Dinkins, Annette West, Kevin Lewis, and

Rufus Griffin ("plaintiffs") and defendants YP Advertising & Publishing LLC and YP

Texas Region Yellow Pages LLC ("defendants")[1] have entered into a Stipulation and

Settlement Agreement, as revised and submitted to the court on April 15, 2016 at

docket entry 95-1 ("Settlement Agreement"), intended to resolve claims alleged by

plaintiffs that they were not properly paid overtime wages for hours worked over 40

---

[1]      Plaintiffs have filed an unopposed motion for leave to amend the complaint and substitute defendant YP Advertising & Publishing LLC into this Litigation.

in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Plaintiffs also alleged that defendants did not properly calculate commission chargebacks which allegedly resulted in a miscalculation of the regular rates of pay of Telephone Sales Representatives ("TSR").[2]  *See* docket entry 1 in the above-captioned lawsuit.

**WHEREAS**, defendants agree to release claims against plaintiffs and the potential class members for alleged fraud based upon alleged misrepresentations in the sales process while employed by defendants, as set forth in the Settlement Agreement.

**WHEREAS**, the Settlement Agreement, together with its exhibits, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the defendants in addition to release of fraud claims as to plaintiffs and members of the Settlement Classes.

**WHEREAS**, for purposes of settlement only, plaintiffs seek the certification of the following opt-out settlement classes pursuant to FED. R. CIV. P. 23:

> (a)   TSR Texas State Law Settlement Class:
> Refers to any and all current and former TSRs
> who are/were working at defendants' call

---

[2]     A TSR, as defined by the Settlement Agreement, means a current or former non-exempt Telephone Sales Representative employed by defendants and who worked in the following YP call center:  Dallas, Texas; Fort Worth, Texas; and/or Olivette Missouri from three (3) years preceding the filing of the complaint through the filing of this order.

center locations in Dallas, Texas and/or Fort Worth, Texas from three (3) years preceding the filing of the complaint through the Preliminary Approval Order.

(b)     Missouri State Law Settlement Class:  Refers to any and all current and former TSRs who are/were working at defendants' call center location in Olivette, Missouri from three (3) years preceding the filing of the complaint through the Preliminary Approval Order.

WHEREAS, for purposes of settlement only, the plaintiffs also seek conditional certification of the following opt-in settlement class pursuant to Section 216(b) of the FLSA:

(a)     TSR FLSA Settlement Class:  Refers to any and all current and former TSRs who are/were working at defendants' call center locations in Dallas, Texas; Fort Worth, Texas; and/or, Olivette, Missouri from three (3) years preceding the filing of the complaint through the Preliminary Approval Order.

WHEREAS, the plaintiffs have requested that the court enter an Order:

(1) asserting jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of this Settlement Agreement; (2) adjudging the terms of this Settlement Agreement to be fair, reasonable and adequate, and in the best interests of the plaintiffs, opt-in plaintiffs, and members of the Settlement Classes, and directing consummation of its terms and provisions; (3) conditionally certifying the Settlement Classes for settlement purposes only; (4) appointing the

- 3 -

plaintiffs as class representatives who, together with Class Counsel, shall be authorized to act on behalf of all members of the Settlement Classes with respect to the claims asserted in the Litigation and this Settlement Agreement; (5) approving as to form and content the Settlement Notice and Claim Forms and authorizing the first-class mailing of the Settlement Notice and Claim Forms to all members of the Settlement Classes; (6) appointing plaintiffs' counsel as Class Counsel for the Settlement Classes pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23; (7) appointing Class Action Administration, Inc. as the Claims Administrator pursuant to Section X.A. of the Settlement Agreement; and (8) setting a sixty (60) calendar day deadline for the execution and return of fully completed Claim Forms, requests for exclusion, or objections.

**WHEREAS**, the court has before it plaintiffs' unopposed motion for Preliminary Approval of Collective and Class Action Settlement.

**WHEREAS**, the court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both plaintiffs and defendants.

**WHEREAS**, having reviewed and considered the Settlement Agreement and accompanying exhibits, the plaintiffs' motion, and having heard and considered the argument of counsel, the court makes the findings and grants the relief set forth

below, authorizing notice of the settlement contained in the Settlement Agreement

upon the terms and conditions set forth in this order.

It is hereby **ORDERED** as follows:

A.   <u>Jurisdiction, Certification of Settlement Classes for
Settlement Purposes, and Appointment of the
Plaintiffs and Class Counsel</u>

1.     Capitalized terms used in this order have the meanings assigned to them

in the Settlement Agreement and this order.

2.     The court has jurisdiction over the subject matter of this action,

including the claims asserted, the plaintiffs, the members of the TSR FLSA

Settlement Class, the members of the TSR Texas State Law Settlement Class, the

members of the TSR Missouri State Law Settlement Class, the defendants, and the

implementation and administration of the Settlement Agreement.

3.     The terms of the parties' Settlement Agreement are hereby conditionally

approved, subject to further consideration thereof at the Final Approval Hearing provided

for below.  The court finds that the Settlement Agreement is sufficiently within the range

of reasonableness and that notice of the proposed Settlement Agreement should be given

as provided in this order.

4.     The court authorizes notice of the settlement set forth in the Settlement

Agreement as it appears fair, reasonable, and adequate within the meaning of FED. R. CIV.

P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration thereof at the Final Approval Hearing provided for below.

5.      On the basis of the findings set forth below, the court hereby conditionally certifies the following TSR FLSA Settlement Class pursuant to Section 16(b) of the FLSA for settlement purposes only in accordance with the terms of the Settlement Agreement: any and all current and former TSRs who are/were working at defendants' call center locations in Dallas, Texas; Fort Worth, Texas; and/or, Olivette, Missouri from three (3) years preceding the filing of the complaint through the Preliminary Approval Order.

6.      On the basis of the findings set forth below, the court hereby conditionally certifies the following TSR Texas State Law Settlement Class pursuant to FED. R. CIV. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:  any and all current and former TSRs who are/were working at defendants' call center locations in Dallas, Texas and/or Fort Worth, Texas from three (3) years preceding the filing of the complaint through the Preliminary Approval Order.

7.      On the basis of the findings set forth below, the court hereby conditionally certifies the following TSR Missouri State Law Settlement Class pursuant to FED. R. CIV. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:  any and all current and former TSRs who are/were working at defendants' call center location in Olivette, Missouri from three (3) years preceding the filing of the complaint through the Preliminary Approval Order.

8.      For the purposes of settlement only, the court further conditionally finds that named plaintiffs Christopher Dinkins, Annette West, Kevin Lewis, who are named plaintiffs in the complaint and Rufus Griffin, who is a named plaintiff in the proposed first amended complaint, are "plaintiffs", as the term is defined in the Settlement Agreement.  The plaintiffs, together with plaintiffs' counsel, are hereby authorized to act on behalf of themselves and members of the Settlement Classes, including all opt-in plaintiffs, with respect to the Litigation and the Settlement Agreement.

9.      For the purposes of settlement only, the court further conditionally finds that plaintiffs' counsel are adequate to serve as Class Counsel and conditionally appoints Allen Ryan Vaught, Melinda Arbuckle, and Russell Budd of Baron & Budd, P.C., 3102 Oak Lawn Avenue, Suite 1100, Dallas, Texas 75219 as Class Counsel for the Settlement Classes.

10.     Any member of the Settlement Classes who does not elect to be excluded from the Final Settlement Classes may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

## B.  Release of Claims

11.     Release by defendants and Released Persons:  On the Final Effective Date, defendants and Released Persons hereby forever completely settle, compromise, release, and discharge the Releasing Persons from any claim of fraud based upon alleged

misrepresentations by Releasing Persons in the sales process while employed by defendants. With respect to any Releasing Persons employed with the defendants as of the date of preliminary approval of the settlement, this Settlement Agreement does not: (1) alter the Commission Advance Recovery Process as described in the applicable Collective Bargaining Agreement or (2) prohibit defendants from enforcing discipline under its employment policies. With respect to any member of the Releasing Persons that are not employed with defendants as of the date of preliminary approval of the settlement, but subsequently re-apply for employment, this Settlement Agreement does not: (1) alter defendants' practice to consider the balance of outstanding excessive unrecovered commission to disqualify a candidate for re-hire (2) alter defendants' practice to reinstate the Commission Advance Recovery Process at the last remaining balance; or (3) prohibit the defendants from enforcing discipline under its employment policies. No later than thirty (30) calendar days after the deadline for the submission of corrected Claims Forms to the Claims Administrator, but before the date of the Final Approval Hearing, defendants shall provide the approximate monetary value of the claims released in this section to Class Counsel, and Class Counsel may present that data to the court in connection with the Final Approval Motion and Final Approval Hearing. Furthermore, Class Counsel may use that data to demonstrate to the court the total relief/total settlement value obtained and degree of success achieved by Class Counsel for

Authorized Claimants relative to the court's consideration of Class Counsel's request for an award of attorneys' fees, expenses and/or costs.

      12.    Release by plaintiffs and Releasing Persons.  Effective as of the Final Effective Date, plaintiffs, and all Releasing Persons hereby forever completely settle, compromise, release, and discharge the Released Persons from any  of the following Released Claims as defined herein and in paragraphs 1-10 below, whether past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Releasing Person has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or unasserted, that occurred at any time up to and including the date on which the court enters its Preliminary Approval Order:

      (i)    any and all claims that were asserted in the litigation or that could have been asserted based on the misconduct alleged in the complaint, or in any complaints in this action preceding said complaint for any misconduct alleged in the complaint;

      (ii)    any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, or any other wage-related or recordkeeping-related claims, damages or relief of any kind arising from the allegation that TSRs were not properly

compensated for all time worked including, but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

(iii)   any and all claims that defendants or any of the Released Persons did not properly deduct commissions in accordance with the Commission Advance Recovery Process described in the Collective Bargaining Agreement and/or as asserted by plaintiffs and opt-in plaintiffs in the litigation;

(iv)   any and all claims, under any state or federal statutes or regulations, that:  (1) TSRs received fraudulent, incorrect, or improper wage statements, earnings statements, paychecks, or any other compensation-related document and/or (2) that any of the Released Persons engaged in an enterprise that comprised a pattern of racketeering activity by allegedly issuing fraudulent, incorrect, or improper wage statements, earning statements, paychecks, or any other compensation-related document in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.* or any similar state statute under Texas or Missouri state law or in violation of any claim of conspiracy under Texas or Missouri state law;

(v)   any and all claims under the wage and hour laws and regulations of the state of Missouri arising from the allegation that TSRs were not properly compensated for all time worked including, but not limited to, Mo. Rev. Stat. §§ 290.502, 290.505.1; the Missouri service letter statute, § 290.140 of the Revised Statutes of Missouri, as amended; Chapter 213 of the Revised Statutes of Missouri, as amended (including but not limited to claims of

- 10 -

discrimination on the basis of race, color, religion, national origin, sex, ancestry, age, disability, and any retaliation claims under said laws); Chapter 290 of the Revised Statutes of Missouri, as amended; Section 287.780 of the Revised Statutes of Missouri, as amended and any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the state of Missouri, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs, and expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment through this Preliminary Approval Order;

(vi)   any and all claims under the wage and hour laws and regulations of the state of Texas arising from the allegation that TSRs were not properly compensated for all time worked, but not limited to, TEX. LAB. CODE ANN. §§ 62.051, 62.151; and any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the state of Texas, or any state common law wage claims, including but not limited to claims for  attorneys' fees costs, and expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or

- 11 -

post-judgment through this Preliminary
Approval Order;

(vii)   any and all claims under state and federal law
for breach of express contract or labor
agreement (for earned wages, overtime, and/or
missed or interrupted meal breaks), implied
contract, money had and received in assumpsit,
quantum meruit/unjust enrichment, fraud,
negligent misrepresentation, equitable estoppel,
promissory estoppel, conversion, and failure to
keep accurate records through this Preliminary
Approval Order;

(viii)  any and all claims for benefits or other amounts
under any compensation or benefit plan,
program, arrangement, or agreement based on
any alleged failure to pay wages, commissions,
including but not limited to minimum wages or
overtime wages arising from the allegation that
TSRs were not properly compensated for all
time worked through this Preliminary Approval
Order;

(ix)    any and all wage-and-hour laws or wage-related
claims of any kind under any other laws,
including but not limited to any and all such
claims pursuant to other federal, local, or other
states' laws and/or regulations arising from the
allegation that TSRs were not properly
compensated for all hours worked through this
Preliminary Approval Order; and

(x)     any and all claims for attorneys' fees, costs and
expenses.

13.   Further Release by plaintiffs Christopher Dinkins, Annette West, and

Kevin Lewis, and original opt-in plaintiffs:  In addition to the Released Claims identified

- 12 -

in Section B of the Settlement Agreement, effective as of the Final Effective Date,

plaintiffs and original opt-in plaintiffs voluntarily and with the advice of counsel, fully

and forever release, acquit, and discharge the defendants and Released Persons, in their

personal individual, official and/or corporate capacities, from all such claims and demands

directly or indirectly arising out of or in any way connected with their employment with

defendants; claims or demands related to salary, bonuses, commissions, vacation/paid

time off, fringe benefits, expense reimbursements, or any other form of compensation;

claims pursuant to any federal, state or local law, statute, regulation, or cause of action

including, but not limited to, Title VII of the Civil Rights Act of 1964, the Americans

with Disabilities Act of 1990, the Immigration Reform and Control Act, the

Occupational Safety and Health Act, the Sarbanes-Oxley Act of 2002, the Dodd-Frank

Act of 2010, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the

Genetic Information Non-Discrimination Act, the Family and Medical Leave Act, the

National Labor Relations Act (29 U.S.C. § 151 *et seq.*), the Equal Pay Act (29 U.S.C.

§ 206), the Civil Rights Acts (42 U.S.C. § 1981 and § 1988), the Fair Labor Standards

Act (29 U.S.C. § 201, *et seq.*), and other state and local ordinances prohibiting

discrimination in employment, and all other laws and regulations relating to employment

including but not limited to any claims or allegations brought under any state or district

statute or regulation for non-payment of wages, bonuses, or other compensation, tort law;

contract law; wrongful discharge; retaliation; discrimination; harassment; fraud;

defamation; emotional distress; and breach of the implied covenant of good faith and fair dealing. However, this release does not include any claims that cannot be lawfully waived or released by private agreement. Plaintiffs and original opt-in plaintiffs permanently, unequivocally, and unconditionally waive any and all rights they may now have, may have had in the past, or may have in the future to seek, obtain or resume employment with defendants and all Released Persons as an employee, consultant, contingent worker, temporary worker, independent contractor, or in any other capacity whatsoever, or to do business for or with defendants and Released Persons through a third party. Plaintiffs and original opt-in plaintiffs agree never to apply for, or to accept, employment with defendants and/or Released Persons. Plaintiffs and original opt-in plaintiffs further agree that this Settlement Agreement shall be used as the basis for defendants and Released Persons not to hire, rehire or retain plaintiffs and original opt-in plaintiffs as an employee, consultant, contingent worker, independent contractor or in any other capacity, whatsoever, after their execution of this Agreement. In the event that plaintiffs or original opt-in plaintiffs are ever mistakenly employed or retained by one of defendants or any Released Persons, plaintiffs and original opt-in plaintiffs agree to have their employment terminated with no resulting claim or cause of action against the defendants or any Released Persons. Plaintiffs acknowledge and agree that they have no right to employment or re-employment with defendants or any Released Persons, and

that defendants or any Released Persons may legally refuse to employ plaintiffs and original opt-in plaintiffs.

14.     The plaintiffs and Releasing Persons further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any Released Claims which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union or federal, state or local governmental agency against the Released Persons.  Plaintiffs and Releasing Persons further acknowledge that they are enjoined from pursuing any Released Claims they have, had, might have or might have had against the Released Persons based on any act or omission up to the date the court enters this Preliminary Approval Order.

C.   Notice to Settlement Classes, Opt-In Procedure,
and Appointment of Claims Administrator

15.     The court approves as to form and content the Settlement Notice and Claim Form, attached as Exhibits A and A1 to the Parties' Settlement Agreement and the manner of notice set forth in Section VI(H) of the Settlement Agreement.

16.     The manner and forms of Settlement Notice set forth in Section II.TT. of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this order so that upon entry of this order, the Parties are directed to

ensure that the Settlement Notice is disseminated according to the terms of Section

VI(H) of the Settlement Agreement.

17.     Members of the Settlement Classes may opt-in to the Final FLSA

Settlement Class and/or become an Authorized Claimant only by timely submitting a

fully completed Claim Form so that it is received by the Claims Administrator no later

than sixty (60) calendar days after the date on which the Claims Administrator

postmarks the Settlement Notices and Claim Forms to the members of the Settlement

Classes, in accordance with the terms of the Settlement Agreement.  The Claim Form

must be completed in accordance with the instructions in the Settlement Notices and

Claim Form, and comply with the requirements set forth in the Settlement Notices and

Settlement Agreement.  All members of the Settlement Classes who fail to comply with

these requirements shall be forever barred from receiving any Settlement Payment

pursuant as set forth in the Settlement Agreement.  Moreover, all members of the TSR

State Law Settlement Classes who fail to comply with these requirements and do not

formally exclude themselves from the Final State Law Settlement Class shall be forever

barred from receiving any Settlement Payment as set forth in the Settlement Agreement,

but will in all other respects be subject to and bound by the provisions of the Settlement

Agreement, the releases contained therein, and the Final Judgment.

18.     Prior to the Final Approval Hearing, the plaintiffs and/or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement.

19.     The Settlement Notice to be sent to members of the Settlement Classes, as set forth in the Settlement Agreement, is hereby found to be the best practicable means of providing notice under the circumstances and, when sent, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of FED R. CIV. P. 23, due process, the Constitution of the United States, the laws of the State of Texas, the laws of the State of Missouri, and all other applicable laws.  The Settlement Notice is accurate, objective, informative and provides members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in, or exclusion from, the Settlement and its fairness.

20.     The court approves and appoints Class Action Administration, Inc. (the "Claims Administrator") to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this order.  The Claims Administrator shall administer the distribution of the Settlement Notice and Claims Form, as set forth in the Settlement Agreement.

### D.  Requests for Exclusion from the TSR
### State Law Settlement Classes

21.     Members of the TSR State Law Settlement Classes may request exclusion

from the Final State Law Settlement Class and the Settlement Agreement.  Any member

of the TSR State Law Settlement Class who wishes to be excluded ("opt out") must send

an opt-out written request for exclusion to the Claims Administrator, so that it is received

by the Claims Administrator at the address indicated in the Settlement Notice no later

than sixty (60) calendar days after the date on which the Claims Administrator

postmarks the Settlement Notices and Claim Forms to the members of the Settlement

Classes, in accordance with the terms of the Settlement Agreement.  In order to be

effective, this Request for Exclusion must be made in writing and signed by the

individual seeking to exclude themselves, and shall express the individual's desire to be

excluded from the Final State Law Settlement Class, and include the individual's name,

current address, telephone number, Social Security number, and must be signed by the

individual who is electing to opt out.  Requests for Exclusion that do not include all

required information, or that are not timely received by the Claims Administrator, will be

deemed null, void, and ineffective.

22.     Members of the TSR State Law Settlement Classes may not exclude

themselves by filing requests for exclusion as a group or class, but must in each instance

individually and personally execute a Request for Exclusion and timely transmit it to the

Claims Administrator in accordance with the terms of the Settlement Agreement.

23.     Any member of the TSR State Law Settlement Classes who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the Final Approval Order, the Final Judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement, whether or not such person objected to the Settlement Agreement and whether or not such person made a claim upon, or participated in, the Settlement Agreement.  All members of the TSR State Law Settlement Classes who do not personally, timely and validly request to be excluded are enjoined from proceeding against the defendants for any Released Claims.

24.     All members of the TSR State Law Settlement Classes who submit valid and timely notices of their intent to be excluded from the Final TSR State Law Settlement Classes:  (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a Settlement Payment; and (iii) shall not be bound by the Settlement Agreement, any Final Approval Order, or the Final Judgment, unless they timely file a Claim Form.

E.   Objections to the Settlement

25.     Any member of the TSR State Law Settlement Classes may object to the Settlement Agreement.  Each member of the TSR State Law Settlement Classes wishing to object to the Settlement Agreement shall submit a timely written notice of his or her

objection, which shall set forth the Objector's name and address, a detailed statement of the basis for each objection asserted, the grounds on which the Objector desires to appear and be heard (if any), and, if the Objector is represented by counsel, the name and address of counsel, and further provide notice as to whether the Objector intends to appear at the Final Approval Hearing, and an entry of appearance. If counsel is appearing on behalf of more than one member of the TSR State Law Settlement Classes, counsel must identify each such member of the TSR State Law Settlement Classes, and each such member of the TSR State Law Settlement Classes must have complied with the requirements of this order.

26.     To be timely, written notice of an objection in the appropriate form must be sent so that it is received by the Claims Administrator no later than sixty (60) calendar days after the date on which the Claims Administrator postmarks the Settlement Notices and Claim Forms to the members of the Settlement Classes, in accordance with the terms of the Settlement Agreement.

27.     No member of the TSR State Law Settlement Classes shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any member of the TSR State Law Settlement Classes shall be received or considered by the court at the Final Approval Hearing, unless such written statement of objections complied with the requirements of this order, are timely filed and served as set forth

herein and detailed in the form of Settlement Notice attached to the Settlement

Agreement as Exhibit A or Exhibit A-1.  Any member of the TSR State Law Settlement

Classes who seeks to object to the Settlement Agreement and fails to comply with the

requirements of this order will be deemed to have waived any right to object to the

Settlement Agreement.

### E.   Schedule for Settlement and Claims Administration

28.   The court authorizes distribution of the proposed form of Settlement

Notice and Claim Form by first-class U.S. Mail to members of the Settlement Classes by

adopting the following schedule:

| Event | Proposed Timing |
|---|---|
| Settlement Notices and Claim Forms Sent to Members of the Settlement Classes | Sixty (60) calendar days after the entry of this order |
| Deadline for filing Requests for Exclusion or objections to the Settlement | Sixty (60) calendar days after the date the Claims Administrator postmarks the Settlement Notices and Claim Forms to the members of the Settlement Classes |
| Deadline by which Claim Forms must be received by the Claims Administrator | Sixty (60) calendar days after the date the Claims Administrator postmarks the Settlement Notices and Claim Forms to members of the Settlement Classes |
| Deadline for Authorized Claimants to Negotiate Settlement Payment Checks | One hundred twenty (120) calendar days from the date on which the settlement payments are mailed to Authorized Claimants |

| Deadline for Claims Administrator to Remit to Defendants Interest On Maximum Gross Settlement Amount and Portions of Revised Gross Settlement Amount Not Distributed to Authorized Claimants or Cashed By Authorized Claimants | Ten (10) business days after deadline for Authorized Claimants to cash Settlement Payment checks. |
| --- | --- |

## F.   The Final Approval Hearing

29.     A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby **SCHEDULED** to be held before this court on the **19th day of September 2016 at 10:00 a.m. in courtroom 1306** of the Earle Cabell Federal Building, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, to determine (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Classes; and (b) whether a Final Judgment as to plaintiffs' claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement Agreement.

30.     At the Final Approval Hearing, the court shall also consider whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, a Service Payment should be made to plaintiffs Christopher Dinkins, Annette West, Kevin Lewis, and Rufus Griffin.  Any application for an award of attorneys' fees, costs and expenses, and any application for Service Payments to Plaintiffs Christopher Dinkins, Annette West, Kevin Lewis, and Rufus Griffin shall be filed with the court no later than ten (10) calendar days prior to the Final Approval

Hearing. The date and time of the Final Approval Hearing shall be set forth in the Settlement Notice, but the Final Approval Hearing shall be subject to adjournment by the court without further notice to the members of the TSR State Law Settlement Classes other than that which may be posted by the court.

31. Only members of the TSR State Law Settlement Classes who have filed and served timely notices of objection in accordance with the terms of this order shall be entitled to be heard at the Final Approval Hearing. Any member of the TSR State Law Settlement Classes who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to Service Payments, in accordance with the procedure set forth in the Settlement Notice and mandated in this order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

## G. Other Provisions

32. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an order of this court.

33. Pursuant to the terms of the Settlement Agreement, the costs of claims and settlement administration, including the costs of the Claims Administrator, shall be paid as set forth in the Settlement Agreement.

34.     Certification of the Settlement Classes is a conditional certification for settlement purposes only.  If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement or this court does not grant Final Approval of the Settlement Agreement, or the Settlement is not consummated for any reason whatsoever, the conditional certification of the Settlement Classes shall automatically be cancelled and shall be void, and the defendants, pursuant to the terms of the Settlement Agreement, shall have reserved all of their rights to challenge the propriety of collective action certification or class action certification for any purpose, including the opposition to any and all class or collective certification motions in this Action, to contest the adequacy of any plaintiff as representative of any putative collective or class, and to contest the adequacy of plaintiffs' counsel as adequate Class Counsel.  Additionally, plaintiffs reserve all of their rights, including the right to continue with litigation of the above-captioned lawsuit should the Settlement Agreement not be consummated.

35.     For all the reasons stated in the plaintiffs' unopposed motion for preliminary approval of collective and class action settlement, immediately following the entry of this order, all members of the Settlement Classes shall be enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on any of the Released Claims, as that term is defined in the Settlement Agreement, including but not limited to alleged violations of the FLSA or any Texas or Missouri State law (including statutory,

regulatory, and common law) pertaining to hours of work or payment of wages, including without limitation all claims that were or could have been asserted in the above-captioned case by or on behalf of TSRs who worked for defendants within the time period applicable to the Settlement Classes.  This injunction shall remain in effect through the dismissal of this case, as defined herein.

April 21, 2016.

_A. Joe Fish_____

**A. JOE FISH**
**Senior United States District Judge**